**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEMETRIUS BORSTAD,

            Petitioner-Appellant,

v.

J. HARTLEY, Warden,

            Respondent-Appellee.

No.    10-15412

D.C. No. 5:09-cv-03756-JW

ORDER*

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

TONY EUGENE SAFFOLD, AKA Tony
Eugene fSaffold,

            Petitioner-Appellant,

v.

RICK HILL, Warden,

            Respondent-Appellee.

No.    11-16355

D.C. No.
1:10-cv-01295-OWW-MJS

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

RENO FUENTES RIOS,

        Petitioner-Appellant,

  v.

WARDEN OF CSP-CORCORAN,

        Respondent-Appellee.

No.    11-16570

D.C. No. 1:11-cv-00667-GSA

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding
Gary S. Austin, Magistrate Judge, Presiding

ERIC WICKLIFFE,

        Petitioner-Appellant,

  v.

GARY SWARTHOUT, Warden and
BOARD OF PAROLE HEARINGS,

        Respondents-Appellees.

No.    11-17842

D.C. No.
2:11-cv-02172-MCE-GGH

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England Jr., District Judge, Presiding

HUBERT PETRICH,

        Petitioner-Appellant,

  v.

TERRI GONZALEZ, Warden,

No.    11-55308

D.C. No.
5:10-cv-01661-DSF-E

Respondent-Appellee.

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted August 12, 2013
Submission Vacated April 30, 2015
Resubmitted August 26,2016
San Francisco, California

Before: REINHARDT, NOONAN, and HURWITZ, Circuit Judges.

These cases involve challenges to Proposition 9, The Victims' Bill of Rights Act of 2008 ("Marsy's Law"), *see* Cal. Const. art. I, § 28; Cal Penal Code §§ 679.026, 3041.5, 3043, 3044, by California prisoners serving indeterminate life sentences with the possibility of parole. Argument in each case was heard on August 12, 2013, and submission was vacated in each case on April 30, 2015, pending this Court's decision in *Gilman v. Brown*, No. 14-15613. In the wake of our opinions in *Gilman v. Brown*, 814 F.3d 1007 (9th Cir. 2016), and *Nettles v. Grounds*, No. 12-16935, 2016 WL 4072465 (9th Cir. 2016) (en banc), we today resubmit these cases for decision. We have jurisdiction under 28 U.S.C. § 2253, and vacate and remand for identical reasons in each case.

**1.** In each of these cases, petitioners sought habeas corpus relief under 28 U.S.C. § 2254, arguing that as applied Marsy's Law violates the Ex Post Facto

Clause, U.S. Const. Art. I, §§ 9, 10, by impermissibly advancing the dates for parole hearings. None of the petitioners' claims lies at "the core of habeas corpus," because petitioners do not challenge the "validity of any confinement or . . . the particulars affecting its duration," *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam), but rather only the timing of each petitioner's next parole hearing. Success on the petitioners' claims would not necessarily result in a shortening of their sentences. Thus, the district court in each case lacked jurisdiction to grant 28 U.S.C. § 2254 habeas relief. *Nettles*, 2016 WL 4072465, at *10 ("[A] § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus."). The judgments below on the merits of petitioners' constitutional claims therefore are vacated.

**2.** On remand, petitioners should be afforded leave to amend their petitions to assert claims under 42 U.S.C. § 1983. *Id.* ("[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner.").

**3.** If any petitioner chooses to amend, the district court should determine in the first instance the impact of *Gilman* on his claims.

**VACATED AND REMANDED. Each party shall bear their own costs.**

In No. 10-15412, Borstad's "Motion to Submit Uncertified Issues on Appeal and on the Grounds of Jurisdiction," Dkt. No. 5, is DENIED.

In No. 10-15412, Borstad's "Motion to Submit Intervening United States Supreme Court Law in Support of Request for Certificate of Appealability," Dkt. No. 6, is DENIED.

In No. 10-15412, Borstad's "Request for Judicial Notice," Dkt. No. 28, is GRANTED.

In No. 11-16355, Appellee's "Request for Judicial Notice," Dkt. No. 35, is GRANTED.

In No. 11-16355, Saffold's "Motion for Judicial Notice," Dkt. No. 41, is GRANTED.

In No. 11-16355, Appellee's "Request for Judicial Notice," Dkt. No. 58, is GRANTED.

In No. 11-16355, Saffold's "Motion for Order Remanding Matter to District Court" in *Saffold v. Hill*, No. 11-16355, Dkt. No. 86, is DENIED without prejudice to renewing the request for consolidation in the district court.

In No. 11-16570, Rios's "Request for Judicial Notice of Evidentiary Hearing and Transcript," Dkt. No. 16, is GRANTED.

In No. 11-16570, Appellee's "Request for Judicial Notice," Dkt. No. 44, is GRANTED.

In No. 11-55308, Appellee's "Motion to Substitute Party," Dkt. No. 4, is GRANTED.

In No. 11-55308, Petrich's "Request for Judicial Notice of Transcript," Dkt. No. 15, is GRANTED.

In No. 11-55308, Amicus Curiae's "Notice," Dkt. No. 47, is DENIED.

In No. 11-55308, Appellee's "Request for Judicial Notice," Dkt. No. 49, is GRANTED.